The first case of the day is Griffrida v. Boothy's Palace Tavern for the appellant, Mr. Darr, and for the appellee, Mr. Jazz. You may proceed. May it please the Court, Counsel. My name is Lanny Darr, and I represent Ann Graffita, who is the appellant in this case. This is an appeal that, in its simplest form, asks whether or not the violation for the two-year statute of limitations applicable to personal injury actions was violated when the appellant, the plaintiff, refiled this action in Madison County, Illinois. The gist of the appellee's... Why did you file in Madison County, Illinois? What possible connection did anyone involved in this case have there? Well, at the time, we were confused as to who was the registered agent. Not who the defendant was, or who the defendant was supposed to be, but who was the registered agent. Who did you think it was? We thought... I don't recall the gentleman's name, but we believed that a registered agent residing in Madison County was the registered agent for Boothy's, which was located in Hamburg. Well, Counsel, you're talking about Ms. Cato that you had served through her husband at their home, right? Right. Well, actually, Mr. Cato, I believe, was deceased at the time. And I may be wrong on that, but the overall consideration in that regard was, yes, we had the wrong registered agent. That was without dispute. So when we realized that through some communication with the adjuster and Mr. Gazz, we filed the amended complaint to correct the name. And what we were doing was... Can we back up for just a moment? Justice Steigman asked you why you served the person that you served initially, the wrong agent, as you termed it. What steps did you take to determine who was the proper agent? I know that we have two entities that have the word palace in their name, but other than that, it's confusing to me how you even served this person that was in Madison County. So my question is, and I'm sorry, what steps did you take initially in determining where to file your suit and who to serve? What steps did you take in determining that? My recollection is that there was some inquiry on the Secretary of State's website. We saw a palace, Inc., that we suspected was the same palace that was located in Hamburg. And the reason we believed that was because all the correspondents we had designated their insured as the palace, Inc. They went by the palace, Inc., and everybody knew them as the palace. And in this case, we don't believe that we designated the wrong entity. What we did was we didn't set forth the entity's entire name. We said the palace, Inc., when in fact it was Boothy's Palace Tavern, Inc. But in every complaint we alleged was that the injury occurred at Rural Route 1, Hamburg, Illinois. That was in every single complaint. And that should, in our opinion, should be the governing inquiry of who are we intending to sue. If we were intending to sue the entity at Rural Route 1, Hamburg, Illinois, then this is nothing more than a misnomer and it relates back. And that would be the end of the inquiry. There has never been an allegation that we alleged that the accident happened in Madison County or anything along those lines. At some point we were wrong, but we thought we were fortuitous enough to have a registered agent in Madison County. It turned out that was not the fact. But that's being confused as to who's the proper registered agent is not the same as having the wrong identity of a defendant. Well, Counsel, now you're getting into this misnomer, mistaken identity issue that really is the crux of the case in terms of where we started and go from there. When we're talking about misnomer, that applies when the proper party or real party in interest is actually sued under the wrong name, right? That's misnomer. Correct. How is this misnomer? You did not sue the proper party or the real party in interest. Well, we believe we did. I mean, ultimately we served Mr. Booth. He was served as the registered agent and he was served within a month and a half approximately of the expiration of the statute of limitations. Right, but we're talking about whether or not it would relate back to when you filed in Madison County. I agree. That would be a separate inquiry under 616 of whether or not it related back. Should the court conclude it was not a misnomer, then the inquiry would be whether or not it relates back under section 616 subsection D of the Code of Civil Procedure. To what I believe your question was though, how can we say that we sued, we just filed with the wrong name as opposed to suing the wrong entity? And I think what you have to do is you have to look at the body of the complaint. And if you look at the body of the complaint, that sets forth the plaintiff's intent. And the plaintiff's intent was to sue the person she believed was responsible for her injuries for failure to maintain a property in a reasonably safe condition. That complaint alleged that the unsafe property was located at Rural Route 1, Hamburg, Illinois. Everyone agrees, and it was conceded in a oral argument at the trial court level, that there's only one bar in Hamburg, Illinois, that it goes by the palace, and that's who ultimately she served, or she was intending to sue, and ultimately the registered agent was served. And it's a little separate issue, but with that service of the registered agent, was he served personally or as the registered agent? Well, at the trial court level, they made an issue as to the summons, but we sued him as the registered agent. Now, how the court issued the summons, it listed Boothys as the defendant, and then we served the registered agent. But the summons shows that he was personally served, doesn't it? It just shows personal service, not service as the registered agent. I don't believe it designated under the Madison County summons. It said Boothys Palace Tavern, Inc., and it was up to us. We could have served the registered agent, we could have sued, I believe we could sue, or serve legally with the bartender, if we chose to. But under Section 2-301 of the Code of Civil Procedure, when the defendant entered a general appearance, which they did in this case, without challenging jurisdiction, they waived any defects in service or any challenges to the jurisdiction of the trial court. And that's an issue that really has me perplexed, because I'm wondering, what should the defendant have done? I mean, you filed it in the wrong venue. So they're basically trying to correct your mistake in addressing the venue issue, but then you're right. So basically, when you enter a general appearance, then you're waiving any jurisdictional questions. So how do we work that out? Well, the statute, Section 3-0-1, addresses that. And the statute says you can file more than one pleading at a time, addressing whatever deficiencies you find, whether it be venue. I mean, it doesn't say venue, but it says you can address more than one issue at a time. And certainly, if they had a challenge to the content of the summons, or the appropriateness of the summons, then at the same time they filed their motion to change venue and motion to reconsider, they should have filed a simultaneous motion challenging jurisdiction. And under Section 3-0-1, they would have preserved that issue. But they chose not to instead. What they actually did in this case was, they sat back and said, we're not going to enter our appearance until such time as you change the designation. And that's why the trial court in Madison County made a specific finding that they had notice of those proceedings, and that they chose not to. And then the trial court gave them an additional 30 days after we filed the amended complaint in which to answer or otherwise plead. But that was based on your representation with respect to your conversation with the attorney for the defendant, which they contest your representations on that. They contest the content of the conversation. They don't contest the fact that they had knowledge of this and they chose not to contest the jurisdiction. Instead, they sat back and waited for us to change the name. Well, what they told you was, you haven't sued our insured. So if you sue our insured and you serve the registered agent, then we'll get involved in this lawsuit. But right now, it doesn't involve us. Is that a fair synopsis? That was a yes. They did say that they don't believe that their defendant had properly been designated. We disagreed with that, but to resolve this dispute, we went ahead and got the misnomer. Judge Callis was informed of everything, and she gave them 30 days in which to plead. They came in, they pled, they sought transfer. Now, when they sought the transfer, didn't they also file pleadings that put everyone on notice that they were contesting the service as well? I can't remember if it was the same day or maybe a few days later, but it's very close in time, if I'm recalling correctly. My recollection is that they did not file a motion to challenge jurisdiction at the time they filed their initial pleadings. Why did you sue the Central District of Illinois initially? Because we had diversity of jurisdiction. It was a Missouri resident. And we believed, erroneously again, that Hamburg was in the Central District as opposed to the Southern District. It's right on the edge. Calhoun County? Calhoun County. Doesn't a map show it's Calhoun County? Yes, we believed. I mean, were we wrong? Yes, we were wrong. We believed that Hamburg was in the Central District. And that's why we filed a suit there. So then the United States District Court calls to your attention, you're in the wrong place. The court did, yes, enter their own order. That's a bit troubling, because you sued in the wrong federal district. And the federal court says within a matter of days, you got this wrong, counsel. And your defendant is, you're in the wrong federal district. And still, with the statute of limitations prepared to run in what, two months? I believe it's going to run in April, and this is all going on in February. And everything just seems pretty slip shot. As far as finding out who's what, and you know, a lot of the law dealing with the particular section, misnomer versus mistake, comes out of places like Cook County, where it's a little bit trickier. But when you're talking about Calhoun County and Hamburg, and how many bars there are, you'd think this would be an easier thing to ascertain with just checking the way things should be checked. And especially after you've already had one federal court tell you, you filed in the wrong location, to double check this out even more carefully with two months to go in the statute of limitations, and you're telling us, gee, I didn't know what to do and how to do it. Well, your honor, I agree with you that it's embarrassing. I concede that point. And it's not best practices. I concede that point. But I don't think it changes the fact that the intent of the plaintiff was to sue the bar in Hamburg, and that's the salient inquiry when you're doing a misnomer inquiry, of what was the intention of the plaintiff. And the complaint was clear. We were trying to sue in Hamburg, or the bar in Hamburg where she was injured. But in addition to that, I just want to touch briefly on the relation back. Should the court find that this is not a misnomer, we would then have to look at 616D and see if this amendment to the pleading is related back. And as the court's aware, the inquiry is whether or not it's a relation back issue, was whether or not the original complaint was filed within the statute of limitations. In this case, it was. The original complaint was filed in federal court on February 7, 2012, and the Madison County case was filed on March 5, 2012, with the date of injury being August, I'm sorry, with the original injury date being April 18, 2010. So the second filing to Madison County was within the original statute of limitations. We were safe on that. The second inquiry is if the defendant knew of the suit during the applicable statute of limitations, plus the time for service permitted under Section 103B. As the court knows, it's not service of summons on this defendant within the applicable statute of limitations, it's notice, and notice within the 103B requirements of due diligence. Notice of the complaint. But in this case, they were served with the complaint as of May. May 31, 2012. So that's approximately a month and a half after the expiration of the statute of limitations in April. On April 18. So the question in my mind becomes, or the second prong of the 616 analysis, is whether or not a month and a half after the statute of limitations constitutes undue delay under Supreme Court Rule 103B. I haven't found any case that has found that a month and a half constitutes a lack of due diligence. And I just don't think that, I mean, there's cases out there for six months, things along those lines, but clearly I think that within a month and a half of the filing of service of summons is due diligence on the part of the plaintiff. Counsel, when you say a month and a half, that is a short period of time, but that's not all we're considering, right? We're looking at the totality of the circumstances over the life of this case. I don't think you can lump misnomer and relation back doctrine together. It's either a misnomer or if it's not. If it's not a misnomer, then you go on and look at 616 and whether or not the elements of a 616 inquiry have been met. And so you're looking at diligence. And you're not just looking at diligence from the time period of the month and a half that it took to get, I can't remember the gentleman's last name, Mr. Booth served after the expiration of the statute of limitations. Well, the 103B due diligence wouldn't start to run until such time as the statute had expired. There's no due diligence required to serve within the statute of limitations. So the 103B inquiry only begins once the statute has expired, which would have, according to the trial court, it expired on April 18, 2012. So you don't believe we consider the fact that the time it took for this to finally be served on the right person, consider the fact that you filed in federal court, that you didn't serve at that time, that you filed in Madison County and you didn't serve the right person at that time, you don't believe any of that is part of the analysis? Not for a 103B inquiry, I do not. I do not believe that that is any inquiry. And I also believe the time in which the lawsuit was dismissed does not count if it was non-suited. If it would have been non-suited after the statute, that would not also go into a due diligence inquiry. The last issue on that would have been, well not the last, the failure to exercise due diligence so that there was no prejudice to the defendant in raising any defense. And in this case, that hasn't even been really raised. I mean, they knew of this claim going back to when they got their first lien letter back in 2010 by a prior plaintiff's counsel. They knew of the claim. They've never raised that as an issue. But you say they knew of the claim, but I don't think that's what's required. It's they knew of the complaint. I mean, you had to have actually filed a complaint. It's not just they knew someone was injured and that there was a possible claim out there. Well, after 2002, I'm not so sure that's the status. I think the status was 103B inquiry, which was file the suit and have them serve within the time permitted under a due diligence inquiry. And that changed to, you can go after now, but I'm talking about, that's okay, go ahead counsel, you can continue. I think I'm out of time. Yes, thank you. May it please the court, counsel, good morning. My name is Fred Gass, I'm the attorney for the appellee Boothys Palace Tavern, Inc. If I first may offer some clarifications from the original argument by the appellant, there was never any correspondence that indicated the Palace, Inc. anywhere from the insurance company otherwise. It's black and white on the record. That was argued at the trial court level. No correspondence that ever said the Palace, Inc. was listed. There's been a lot of talk, it's in the brief over and over again, that they served Boothys Palace Tavern, Inc., they sued, sued, served Gary Booth. They did not sue, or excuse me, serve Boothys Palace Tavern, Inc. They served Gary Booth as an individual, and that's black and white on the record. And I've cited to some case law in my own brief to the court, that it's case after case, that service on an individual, even if it's a coincidence they happen to be an officer, you serve them in an individual capacity, that is not service on the corporation. And that's what happened here. And the trial court noted, and it's supported by the record, and it's not an abuse of discretion, that at the time, and it's been admitted by Plaintiff's Counsel, once again, black and white in the record, that the trial court relied on, that they didn't even know the entity, Boothys Palace Tavern, Inc., when they tried to put a summons in the hands of Gary Booth after erroneous attempts to go after Mr. Cato. There's an affidavit in the record that says he learned of the correct entity name, learned of that entity from me, after they served Mr. Booth as an individual. And I sent a letter that's in the record saying, you know, your lawsuit isn't against one of our insureds, you haven't, you know, Mr. Booth has no connection to who was solicited in the complaint. I even said, here, here's the Secretary of State printouts here for you. Here's all these different entities and people are, you have no connection. What did the Secretary of State's printout show regarding this metropolis of Hamburg, Illinois, and businesses there, and corporations? Your Honor, I'm afraid it's not in the record in terms of what else is out there. All I know, the only printouts that I know for the purpose of this case are the Palace, Inc., and Boothys Palace Tavern, and then, well, I'm not going to go into it, it's not in the record, other palaces in the state of Illinois, because there's plenty. But, so we, in terms of what else is in Hamburg, Illinois. Well, I've never done it myself. How tricky is it to use the Secretary of State's index on, what is it, corporations? Well, I would submit to Your Honor that I guess you can accept it as public knowledge or take judicial notice. Well, you can only take judicial notice of what those records are. Yeah, the judicial notice. I would submit to you that if you type in Secretary of State Corporation Search on Google, it'll take you to a site and you can type in Palace under Corporations and LLCs. And then you'll get every hit that has the word Palace in it in the state of Illinois. And I don't want to fly off the cuff too much, because I don't want to state something I don't know for a fact, but I'm fairly certain when you type in Palace in the Secretary of State website search engine, which they've told you before that they used, you get, I want to say, 30 or 40 hits. Because this isn't, there's a Palace Theater, there's Palaces in Chicago, there's a Palace Roller Skating Rink. They show you locations connected to the name? Yes. So they would have, whoever has the name Palace in Hamburg, Illinois? Well, I want to correct myself, Your Honor. I believe that they only show where the registered agents and the secretaries are located and where the registered office is. But it's, I believe, if I recall correctly, that the Secretary of State printouts regarding these two different entities are in the record, and I believe it shows right on the printout for the Palace Inc. that there is no connection to Hamburg, nothing about Hamburg is mentioned. But if you look at Boothys Palace Tavern, the registered agent address, right there. So one just has to do their due diligence. And I don't want to cast aspersions, but there's multiple ways to find out what a, I mean, claims counsels, they find out who these bars are because that's the nature of the bars. You may be Boothys Palace Tavern Inc., but you're doing the business as the Palace. You may be McDonald's, but you have several different franchises or different groups that are having a similar name. Aren't the taverns, because of the involvement of liquor, under additional regulation, aren't you going to go to the Liquor Control Commission or somebody and find out who's licensed this? Don't they have to be registered there? Absolutely, Your Honor, and you read my mind. That's where I was going. You know, there is, it's kind of a side issue, but it's all connected to this. Yes, you have to get a liquor license. This place sold firearms. You type in Google Boothys Palace, baked firearms, alcohol, food. It's the only place in Hamburg. Baked alcohol, firearms. It's a good time on a Saturday night, Your Honor. It's a Saturday night kind of place, Your Honor. Now, yes, you have, there's liquor licenses. They had, type in Google this place, you're going to find Boothys Palace Tavern Inc. I don't know how they got the Palace Inc., quite frankly. It never was mentioned by the insurance company. They just said, there's a palace, we'll go with this one. It's Madison County, let's go there. I mean, once again, I think you take judicial notice. Run Palace in the Secretary of State site and see how many palaces there are in this great state of Illinois. Now, there was, in the black and white record, there is talk about Plaintiff's Counsel going out and inspecting the property. He says, well, it's known as the Palace. Well, if you go inside the place, I guarantee, well, a lot of these places display their liquor license with their corporate names on them. So why that was missed, I don't know. Also... Isn't that a requirement someplace? I believe so. I don't want to assert the law on displaying your liquor license, but I believe that's true. But what I'm getting at is if there was a true inspection of this place, I think that something beyond the business name could be found. And once again, there is this assertion, and I must assert that this is incorrect in the last brief filed by Plaintiff's Counsel, that there is no factual dispute that this place was never known or held out to be Boothby's Palace Tavern, Inc. That was not an issue. If you look through the record, that was not an issue that was ever discussed at the trial level. The trial level was all about whether or not this entity was held ever known as the Palace. You know, there's no evidence whatsoever in the record that this place was never known as Boothby's Palace Tavern, Inc., that you couldn't find it, that it was concealed. And that's just an inaccurate statement in the reply brief by the plaintiff. Plaintiff's Counsel has suggested that there's only confusion in the complainants to the registered agent in the complaint. That's not true. That's simply not true. There is several examples of contrary intent and intent to sue the Palace, Inc. of Madison County. He's saying, well, we elicit Hamburg. Well, which one are you supposed to follow? The one example that connects it to Boothby's Palace Tavern, Inc., or the multiple, multiple examples of contrary intent in the complaint itself, namely the Palace, Inc.? They described the president. They described the registered agent, the secretary. So it wasn't just they happened to get the name wrong. They described the wrong corporation that's in Madison County in explicit detail in their complaint. It wasn't just the name. They went into the details of the corporation and its officers. So it's disingenuous to say we just got the name wrong in the registered agent. It's right there in the record, in the complaint. They had explicit details about the wrong corporation. And it wasn't an abuse of discretion of the trial court to look at the multiple examples of objective intent that suggested a different corporation other than my client. Counsel, I'd like you to address a couple of issues. First of all, the issue of the general appearance that was entered in counsel's arguments related to that. If you could start there. Yes, Your Honor. Thank you. First off, since the filing of my brief, the Supreme Court of Illinois has published a decision. Actually, it was coming out just at that time, and they finally gave an official citation. It is BAC Home Loans Servicing LP v. Mitchell, 2014 IL 116311, Illinois 2014. In that case, the Supreme Court stated that by filing a general appearance, you are not validating past orders entered without jurisdiction. This decision just follows a lot of past public court decisions. I state that, and I cite it in my brief, that by entering your appearance, you're not waiving the challenges to the prior orders. Those were a nullity. They're void. The case law specifically says, including this Illinois Supreme Court case I cited, that you've only submitted to jurisdiction from that point forward. You can still challenge past orders. And that's what I did. You have to look at the scenario here, and look at what's in the record. I sent a letter detailing, and I would note that the trial court reviewed that letter and competing affidavits about what Mr. Garza and I's conversation. They had to weigh him, and I'll go into the 616-103B issue. But the trial court had to, it wasn't abuse of discretion how they weighed this. They looked at my letter that I sent to counsel saying, you've sued the wrong person. You don't have proper service. If you ever fix this properly, I think it's right there in the letter. You file in the proper county. You properly serve them. Of course, I'll enter my appearance. Well, here's the dirty little secret. They blew the statute. They sued the wrong person. So I sent that letter, and as the trial court heard, there was never any follow-up conversation. Greg, your letter does not correctly summarize what we talked about. What happened? They go to the trial court. They file a misnomer. They tell the trial court that I signed off on this, and I'm just waiting. There was specific assertions made of the things that I agreed to or that I was doing. I never did those things according to the affidavit that the trial court weighed, and they did not happen. So then we get several days after the court enters an order, changing it. They rolled on a misnomer, and they found that proper service had occurred. I get something several days, I think it was 10, 11, 12 days after the order, dated, 10, 11, 12 days after they entered that order, saying, oh, by the way, the court found that this was a misnomer. You've got 30 days to enter, and they've already burned up half of it, just waiting, sitting on it. So I get this, and I get the record from the courthouse. I'm like, wait, I didn't say any of these things. So I enter right away. I enter, and I file a motion. Well, first, it's in the wrong county. It has no business being in Madison County, and the case law says that if you don't put that first, you've waived it. So I file to get it out of Madison County, and also within the 30-day window for a motion to reconsider, I file a motion to reconsider that, A, that the misnomer was not correct, or I want them to reconsider or vacate that, and, two, to reconsider or vacate the motion or the order saying that proper service has occurred. So I challenge service. I challenge service right away. I got in there within the 30-day window to reconsider, because I had the court saying, you have to answer this in 30 days. It was a non-issue to the court already. He's like, you've been properly served. That issue was put to bed. So, of course, I'm filing, and I'm saying, hey, reconsider your motion. So what is a special appearance going to do differently from the general in the motion to reconsider? Because I'm telling the court, hey, these things that you've ruled on, it's my view that they're not correct, and you're relying on incorrect information. Counsel, what about the due diligence argument, and what time frame are we looking at? We're a month and a half outside the statute of limitations. Well, with all due respect to counsel, there's a lot of sliding back, you know, a lot of sliding over the place to make the size of the numbers and make them sound better or what have you. Okay. He keeps saying it was a week and a half of the statute of limitations. But the truth is, but he waited. It was 90 days after he actually filed it. They're trying to pick out numbers that sound better. And as you pointed out, Your Honor, and as the trial court weighed, you know, Womack, the Womack case, the Illinois Supreme Court case, excuse me, I can't remember the name. Womack, it was versus a nursing home. He set out several factors for courts to consider in weighing whether or not there was diligence. And prejudice and time are just but two of like seven factors to consider. And the trial court went through and weighed all the factors and came to the decision that there was not diligence. And that decision was not an abuse of discretion, especially in light of all the case law that I cited for this court in my brief. For example, some courts have said it's not unreasonable for a court to put an emphasis and to look at what the plaintiff attorney did to check public records, that what diligence did they take. It's not abuse of discretion to look at those things and weigh them. So the trial court, we provide argument for each and every element under the Womack case in the Supreme Court. And the Supreme Court has even reminded courts in later decisions that I've cited in my brief that, you know, just don't focus on prejudice. Don't just focus on time. They even said, hey, even if you don't have prejudice, doesn't mean that the non-diligence argument fails. And that's what we have here. Here's what the trial court got us, what they looked at, and is in the record. The trial court saw that I've already explained in detail. You got someone that, here's another thing about diligence. Booth East Palace Tavern Inc. is still not served. They were never served. They sued Gary Booth. They got a letter from me saying, you got this all wrong. And were they diligent in all of that? No. They run to the court. They create a bunch of chaos with motions. They make a bunch of assertions that I say things. How is that diligence? They don't try to go and say, okay, we're now serving the registered agent of Booth East Palace Tavern Inc. They made individual service. They told you got it wrong. And in response, they waited almost either 30 days or just under or over 30 days. Sat on it, thought about what to do. No communication. And then they go and make all these representations to the trial court. They didn't try to correct their service. They didn't try to be diligent. They created a bunch of chaos, threw a bunch of stuff against the wall, and hoped something stuck to fix this issue of naming the wrong place. So one of the factors you consider in diligent is whether or not there were special circumstances. And while plaintiff's counsel was up here, he was asked a bunch of questions. Well, how did you do this? How did you find the place? What searches did you perform? Well, we looked on Secretary of State. And I've got a number of questions. Well, can't you do this? Can't you do that? Well, they didn't do those things, apparently. How is it Booth East's fault that they didn't do their due diligence to find out who to sue? Once they made an error, they created all this chaos, and that's not diligence. They also, you know, I've cited a case for the court that says, you know, a court can factor in the failure to look at databases, public documents, records. The trial court considered those things. I made that argument to them. So the question here is, could this court weigh things differently and say, you know what, the appellate court doesn't find that, you know, not a lot of time went by and there's no prejudice, therefore we think that it's good enough. Well, that's the thing here. The standard for a 103B analysis is abuse of discretion. Could you come up with a reasonable mind, come up with a different decision? Sure. But did the trial court abuse its discretion by weighing all those other factors and saying, I mean, if you look at the transcript, the court was not happy that they go and they, I think he said CYA or something to that effect. So is it abuse of the discretion for the trial court to do what the Illinois Supreme Court and other appellate districts have said? Here's what you consider. Yes, you can weigh the difference between the totality of circumstances. And I submit that it was not an abuse of discretion to come out at the end after weighing all those factors, coming out with a decision that there was no diligence. In this case, and I'm very short on time here, in this case, you know, I think it's pretty clear from the case law it's not a misnomer because there was two actual entities and the wrong one was sued. I mean, the case law in this court has, I believe, had two or three decisions that go to that. You know, it's not an issue the name was slightly misspelled. It's a living, breathing, different entity distinct. So we don't have a misnomer. We have a mistaken identity. Once you have a mistaken identity, you look at 616D and that pulls in 103B. And the court's findings on all these different analysis are subject to an abuse of discretion standard. And I don't believe that anything has been offered to show how they've abused their discretion. Unless there's more questions, Your Honors, I believe I'm finished. There don't appear to be any. Thank you.  Thank you. Rebuttal? Initially, at the outset, I think it needs, I said rebuttal, that it needs to be set forth the appropriate standard of review. This was a dismissal, 619 subsection A5, statute of limitations. That is a de novo standard of review. And the Fourth District stated in Vala versus Pacific Insurance Company that that standard could be applied is the court shall examine the complaint and all the evidentiary materials before the trial court at the time of entry of the order, construing the evidence and drawing the reasonable inferences in light most favorable to the plaintiff. And the other axiom related to a 616 is that that is to be liberally construed so the claims are resolved on the merits and not on procedural technicalities. And that's what they're trying to escape in this case is a procedural technicality. There was, without question, an attempt to sue a bar located in Hamburg, Illinois. They had actual notice of the complaint and they have never claimed there was any prejudice. Based upon that, I think they need to apply a de novo, you're required to review and reverse the dismissal based upon the statute of limitations because that's the ultimate dismissal in this case was that it was in violation of the statute of limitations under 619. I don't understand the point you're making here. This is not to be reviewed on the basis of whether an abuse of discretion occurred? Correct. I believe it's a de novo standard of review because the dismissal was based upon a violation of the statute of limitations. Well, wouldn't that always be the case when you're dealing with a 103B issue? What? The de novo? That is the argument is, well, this is after the statute of limitations has run. Well. So you're arguing to us then that all questions regarding sufficiency, whether the statute applies, for instance, after the statute of limitations has run would always be de novo. There would be no exceptions. Wouldn't that be the case? I believe the case law is. When the dismissal is based upon a violation of the statute of limitations, it's a de novo standard of review. I think the question that maybe I'm not connecting with is whether, and then correct me if I'm wrong, the court found that the statute expired on April 18th. The court also found that there was not a misnomer, and therefore it didn't relate back to the filing in March, and it also found that 616 did not apply, and therefore. So the 616 determination is de novo? I believe it is. There's no case law that says that, is there? Well, the case law says when you're dealing with the statute of limitations, you have to deal with the evidentiary issues that are before you. And frankly, there was no evidentiary issues other than the pleadings and the affidavits between counsels saying this was the content of our conversation. No, this was the content of our conversation. That was the only evidentiary issue. All we had before us was the pleadings. So we're a dismissal at the pleading stage. Go ahead. And I'm not familiar with the BAC v. Mitchell case, which he referenced in the Illinois Supreme Court case, which says that orders, and I'm taking his word, that says prior orders entered without jurisdiction are subject to challenge by a defendant at a later date if they were entered without. I don't disagree with that. Well, if he wants to challenge jurisdiction, doesn't he have to show up? He has to show up. So what should he do, just walk into court and say, here I am, judge, I want to challenge jurisdiction? Or does he file something? He has to file a motion at the time that he files his initial pleadings challenging jurisdiction. And that's what he did. And so, therefore, any defects in jurisdiction would have been waived. And as far as the Secretary of State website, my understanding of the Secretary of State website on corporations is, he's correct, it doesn't show you the premises location of where you're looking at. It just shows you a range of potential registered agents. You can do the same thing with any number of construction companies or any number. It may have 20 potential registered agents. Liquor sellers, doesn't that provide you with some additional guidance? Yeah, I assume there is a way. I'm unfamiliar with that, but yes, I'm sure there's a way you can track down who owns a liquor license if you were inside the premises and you had the liquor license access. Thank you. We'll take this matter under advisement. We'll stand in recess until the readiness of the next case.